IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GARY D. WILSON )
) No. 3-09-1021
v. )
)
HD SUPPLY MANAGEMENT, INC.; )
HD SUPPLY, INC.; HD SUPPLY, )
PLUMBING/HVAC GROUP, INC.; and )
HD SUPPLY PLUMBING/HVAC, LTD. )

O R D E R

Counsel for the parties called the Court on September 17, 2010, at which time plaintiff's counsel related that the defendants had provided the plaintiff's personnel file to her and to the EEOC, but no performance evaluations conducted on the plaintiff were included in either the EEOC file or the documents produced to the plaintiff. Therefore, the parties assumed that there had not been any performance evaluations conducted. However, Jamie Davis, the branch manager at the location where the plaintiff had worked, testified in her recent deposition that she had completed a performance evaluation of the plaintiff. Defendants' counsel explained that the branch location where the plaintiff had worked, along with 13 or 14 other locations, had been closed two years ago, and that all documents had been shipped to "corporate," and that the defendants had searched those documents and were unable to locate any performance evaluations for the plaintiff.

Defendants' counsel was skeptical that there ever was a performance evaluation conducted since the first step of any performance evaluation was the employee's own assessment of himself, which the plaintiff did not even recall having done.

While conceding the relevancy of any performance evaluations, defendant's counsel questioned whether, even if it existed, it was necessary because the defendants had not suggested that the plaintiff was not a good employee. Plaintiff's counsel maintained, however, that there had been testimony suggesting deficiencies in his job performance.[1] In addition, the ranking the

---

[1] Defendants' counsel contended that the issue was "attitude," not job performance.

defendants gave the plaintiff before the reduction in force ("RIF") appear to have been based on performance deficiencies.

Because the question of whether a performance evaluation was conducted was clearly raised by Ms. Davis, because, if any such evaluation was conducted, it is clearly relevant, and because it could have some significance in light of what others may have said about the plaintiff's job performance and the basis for evaluating the plaintiff prior to the RIF, the plaintiff shall be permitted to take a telephone deposition of the employee responsible for processing the defendant's response to the EEOC charge and preserving documents relating to the plaintiff as a result of the EEOC charge. Such deposition shall be taken by October 11, 2010. Nothing in this order shall be construed to affect any attorney-client privilege or work product protection.

Except to the extent that this order permits the plaintiff to take the deposition described above after the August 31, 2010, deadline for completion of all discovery, the deadlines provided in the orders entered December 15, 2009 (Docket Entry Nos. 12-13), as amended by the orders entered May 28, 2010 (Docket Entry No. 19), July 29, 2010 (Docket Entry No. 23), September 3, 2010 (Docket Entry No. 28), and September 13, 2010 (Docket Entry No. 30), remain in full force and effect.

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. <u>See</u> Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

2

Case 3:09-cv-01021 Document 31 Filed 09/20/10 Page 2 of 2 PageID #: 107